UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



*******************************************************

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 05-40146-04 |
| Plaintiff, | * | MEMORANDUM OPINION AND |
| | * | ORDER DENYING MOTION FOR |
| -vs- | * | REDUCED SENTENCE |
| LORNE WALKER, a/k/a Loren Walker, | * | |
| Defendant. | * | |

*******************************************************

The Court received a letter from Defendant Lorne Walker in October of 2011. (Doc. 237.) The Court construes the letter as a pro se motion for modification of Defendant's term of imprisonment pursuant to 18 U.S.C. § 3582.[1] For the following reasons, the motion will be denied.

On November 19, 2007, Defendant was sentenced by this Court after pleading guilty to conspiracy to distribute and possess with intent to distribute a controlled substance, crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendant's total offense level was 31.[2] With a criminal history category of IV, Defendant's advisory guideline range was 151 to 188 months. Defendant and the government stipulated that the offense involved at least 150 grams but less than 500 grams of crack. The amount of drugs attributable to Defendant in combination with Defendant's prior felony drug conviction resulted in a statutory mandatory minimum sentence of 240 months. See 21 U.S.C. §§ 841(b) and 851. The Court found that the mandatory minimum sentence was applicable and sentenced Defendant to 240 months.

---

[1] Defendant asks for a sentence modification based on recent changes to the "guidelines for crack base cocaine." (Doc. 237.)

[2] On November 1, 2007, the Sentencing Commission issued amendments to the crack cocaine guidelines which lowered sentencing ranges for most crack offenses by two offense levels. Defendant received the benefit of this two-level reduction at his sentencing.

On August 3, 2010, the Fair Sentencing Act was enacted, raising the amount of cocaine base required for imposition of a mandatory minimum sentence. *See* Pub.L. No. 111-220, 124 Stat. 2372 (2010). The Eighth Circuit has held that the new mandatory minimums in the Fair Sentencing Act are not retroactive. *See, e.g., United States v. Sidney*, 648 F.3d 904, 908 (8th Cir. 2011). The Sentencing Commission, however, has amended the Sentencing Guidelines in order to implement the Fair Sentencing Act, and the Commission voted to give retroactive effect to the new Guidelines which became effective on November 1, 2011. The Court is now considering motions for reduction of sentence pursuant to 18 U.S.C. § 3582(c) based on the crack cocaine Guideline amendments ("Amendments").

Sentence reductions are permitted by 18 U.S.C. § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The applicable policy statement is U.S.S.G. § 1B1.10, which designates the amendments to the Guidelines which may be applied retroactively. Section 1B1.10 provides, in relevant part, that a reduction in a defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Because the Amendments may now be applied retroactively, *see* U.S.S.G. § 1B1.10(c), if the sentencing range for Defendant's offense has been lowered by the Amendments, the Court has discretion under § 3582(c)(2) to reduce Defendant's sentence. Under the new guidelines, Defendant's total offense level is 27. With a criminal history category of IV, Defendant's advisory guideline range is 100 to 125 months. But, again, Defendant is subject to a 240-month statutory mandatory minimum. The Sentencing Guidelines provide that "[w]here a statutorily required

minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b). In addition, the Eighth Circuit has stated that, "[t]he statutory mandatory minimums have always trumped the Guidelines, even where amended Guidelines would (absent the mandatory minimum) have otherwise called for a shorter sentence." *Sidney*, 648 F.3d at 908 (citing *United States v. Peters*, 524 F.3d 905, 907 (8th Cir. 2008)). Thus, when a case involves a statutory mandatory minimum sentence that exceeds the applicable guideline range, the statutory sentence becomes the guideline sentence. *See United States v. Byers*, 561 F.3d 825 (8th Cir. 2009) (holding that statutory minimum became the defendant's guideline range); *United States v. Johnson*, 517 F.3d 1020, 1024 (8th Cir. 2008) (2007 crack amendments not applicable to defendant whose statutory mandatory minimum exceeded guideline range).

Defendant's guideline range is not changed by the Amendments, and his guideline sentence remains at 240 months after application of the new crack cocaine guidelines. Consequently, a sentence reduction is not authorized under 18 U.S.C. § 3582(c)(2) because it is not consistent with the Sentencing Commission's policy statement at U.S.S.G. § 1B1.10(a)(2)(B) excluding a reduction if the crack amendment "does not have the effect of lowering the defendant's applicable guideline range." Accordingly,

IT IS ORDERED that Defendant Lorne Walker's motion for a sentence modification, doc. 237, is denied.

Dated this 7th day of December, 2011.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: /s/ Colleen Schulte
(SEAL)     DEPUTY

3